

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-5-2005

# McNamara v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3624

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McNamara v. Comm Social Security" (2005). *2005 Decisions.* Paper 901.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/901

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3624

_____

JAMES R. MCNAMARA,
*Appellant*
v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 02-cv-01284)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005
Before: RENDELL, BARRY and BECKER, *Circuit Judges*

_____

(Filed:   July 5, 2005)

_____

OPINION

_____

BECKER, *Circuit Judge.*

This is an appeal by James R. McNamara from the District court's affirmance of

the decision of the Commissioner of Social Security denying disability benefits.  The

question before us is whether substantial evidence supports the Commissioner's final decision that McNamara was not disabled under the Social Security Act. Concluding that substantial evidence supports the decision, we affirm. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi*.

There is no doubt that McNamara has suffered from problems with his neck and left shoulder, and that he still has a significant disability in (left) shoulder/arm function. Indeed, the Administrative Law Judge ("ALJ") found that McNamara had a severe impairment. However, as detailed in Judge Cavanaugh's comprehensive opinion, a host of medical evaluations, performed after successful surgery, conclude that McNamara: (1) had made an excellent recovery; (2) was much improved; (3) had relatively little loss of range of motion or strength in his neck, shoulders and left arm; and (4) that his pain was much improved. The ALJ found that even though McNamara had a severe left shoulder impingement, he did not have any condition which met or equaled the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. In addition, he also found that even though McNamara's impairment prevented him from performing his past relevant work as a mechanic/boiler maker, he retained the residual functional capacity ("RFC") to perform a limited range of light work, which did not involve using his left hand/arm for any significant purpose other than assisting the other arm in lifting objects.[1]

---

[1] While there was evidence that McNamara had suffered from asbestos exposure, there was no evidence that asbestosis had caused any functional limitations.

2

As noted above, these conclusions are supported by substantial evidence.

First, we agree that McNamara's impairment does not meet any of the Listings, either individually or in combination. Neither do we find that the ALJ's explanation is so insufficient as to foreclose meaningful review. The ALJ explained which clinical criteria of Listing 1.05C were lacking and noted that, even when considered in combination, McNamara's impairments did not meet the level of severity contemplated by any Listing. And, we, of course, have read the record. McNamara complains that the ALJ apparently relied on the testimony of Dr. Mylod and yet did not mention him in his opinion. But there is no requirement of such completeness imposed by the jurisprudence.

We turn to RFC. The ALJ found that McNamara retained the RFC for light work with limited use of his non-dominant left hand/arm. The vocational expert[2] thereupon identified two jobs that required limited use of the left hand/arm – a messenger job and that of security guard.[3] These conclusions are consistent with the medical evidence referenced above.[4]

----

[2]Contrary to McNamara's suggestion, we find no error in the hypothetical question posed to the vocational expert.

[3]The job of a security guard is generally classified as light work. U.S. Department of Labor, Dictionary of Occupational Titles, *Dictionary of Occupational Titles*, § 372.667-034 at 269 (4th ed. Rev. 1991).

[4]We note too that the ALJ properly considered the opinions of state agency medical consultants Drs. Atienza and Walsh, that McNamara could lift and carry twenty pounds occasionally and ten pounds frequently, sit, stand and/or walk about six hours in an eight-hour workday, had an unlimited ability to push and/or pull including operation of foot or hand controls, could occasionally climb, balance, stoop, kneel, crouch, or crawl, and had

3

We have considered McNamara's contention that the ALJ ignored the basic tenets of our *Cotter* jurisprudence, *see Cotter v. Harris*, 642 F.2d 700, *reh'g denied*, 650 F.2d 481 (3d Cir. 1981), but are constrained to disagree.

The judgment of the District Court will be affirmed..

---

an unlimited ability to reaching all directions, including overhead, handle, finger or feel.